**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION**

| | | |
|---|---|---|
| **ODILIA ESPINOZA,** Individually and on behalf of all others similarly situated, *Plaintiffs*, v. **NEW TREND FOODS, LLC d/b/a KUMORI, NEW TREND FOODS MANAGEMENT, LLC,** *Defendants*. | § § § § § § § § § § § § § § § | Civil Action No. _____ **JURY TRIAL DEMANDED** **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff—Odilia Espinoza ("Espinoza")—brings this action individually and on behalf of all other Managers (collectively "Plaintiff and the Putative Class Members") who worked for New Trend Foods, LLC d/b/a Kumori ("New Trend Foods" or "Kumori") and New Trend Foods Management, LLC ("New Trend Foods Management") (collectively "Defendants"), at any time from August 9, 2019, through the final disposition of this matter to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.

### I.
### OVERVIEW

1. This is an action to recover overtime wages, liquidated damages, and other applicable penalties brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.

2. Plaintiff and the Putative Class Members are those similarly situated persons who worked for Defendants as Managers, at any time from August 9, 2019 through the final disposition of

this matter, who were improperly classified as exempt from overtime and were not paid overtime compensation in violation of the FLSA.

3. Although Plaintiff and the Putative Class Members routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates of pay for all hours worked in excess of forty (40) hours per workweek.

4. The decision by Defendants not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

5. Defendants knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime of at least one and one-half their regular rates of pay for all hours worked in excess of forty (40) hours per workweek.

6. Plaintiff and the Putative Class Members were not paid a true salary, thereby nullifying any "salary-based" exemptions to overtime.

7. Plaintiff and the Putative Class Members did not and do not perform work that meets the definition of exempt work under the FLSA's non salary-based exemptions to overtime.

8. Defendants knowingly and deliberately misclassified Plaintiff and the Putative Class Members as exempt employees not entitled to overtime compensation.

9. Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

10. Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

# II.
# THE PARTIES

11. Plaintiff Odilia Espinoza ("Espinoza") was employed by Defendants during the relevant time period. Plaintiff Espinoza did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12. The FLSA Collective Members are those current and former Managers who worked for Defendants, at any time from August 9, 2019 through the final disposition of this matter, and were subject to the same illegal pay system under which Plaintiff Espinoza worked and was paid.

13. Defendant New Trend Foods, LLC d/b/a Kumori ("New Trend Foods" or "Kumori"), is a Texas limited liability company, licensed to and doing business in the State of Texas, and may be served through its registered agent for service of process: **Francisco Paez, 400 Nolana, Suite E, McAllen, Texas 78504**.

14. Defendant New Trend Foods Management, LLC ("New Trend Foods Management"), is a Texas limited liability company, licensed to and doing business in the State of Texas, and may be served through its registered agent for service of process: **Francisco Paez, 400 Nolana, Suite E, McAllen, Texas 78504**.

15. Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They had common ownership, oversight and control over Plaintiff and the Putative Class Members. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to their entire employment for the workweeks at issue in this case.

---

[1] The written consent of Odilia Espinoza is attached hereto as Exhibit "A."

# III.
# JURISDICTION & VENUE

16. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under the FLSA, 29 U.S.C. §§ 201–19.

17. This Court has general and specific personal jurisdiction over Defendants because Texas qualifies as Defendants' home state and because Plaintiff's claims arose within this District as a result of Defendants' conduct within this District and Division.

18. Venue is proper pursuant to 29 U.S.C. § 1391 in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

19. Additionally, Defendants' corporate headquarters are located in Pharr, Texas, and Plaintiff Espinoza worked for Defendants' in McAllen, Texas, all of which are located within this District and Division.

20. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

# IV.
# ADDITIONAL FACTS

21. Defendants operate a chain of sushi restaurants called Kumori Sushi, which are located throughout South Texas and the Rio Grande Valley.[2]

22. Plaintiff Espinoza was employed by Defendants as a Manager at their McAllen location from approximately November of 2020 to February of 2022.

**Defendants are Joint Employers**

23. Defendants are joint employers as that term is defined in 29 U.S.C. § 203(d).

24. Defendants controlled Plaintiff and the Putative Class Members' work schedules and conditions of employment.

---

[2] https://kumorisushi.com.

25. Specifically, Defendants dictated (and continue to dictate) what job duties and tasks that Plaintiff and Putative Class Members needed to perform while employed.

26. Defendants had the power to hire and fire Plaintiff and the Putative Class Members.

27. Defendants determined Plaintiff and the Putative Class Members' rate and method of pay.

28. Defendants controlled Plaintiff Espinoza's pay and acted interchangeably during Plaintiff Espinoza's employment.

29. At times, Plaintiff Espinoza's pay checks were payable from Defendant New Trend Foods/Kumori.[3]

30. At other times Plaintiff Espioza's pay checks were payable from Defendant New Trend Foods Management.[4]

31. Defendants maintained control, oversight, and direction over Plaintiff and the Putative Class Members during their employment, including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

32. Specifically, Defendants determined when to make deductions to Plaintiff and the Putative Class Members' wages for partial day absences.

33. Defendants mutually benefitted from the work performed by Plaintiff and the Putative Class Members.

34. Defendants did not act entirely independently of each other and have not been completely disassociated with respect to the work of Plaintiff and the Putative Class Members

35. Defendants shared the services of Plaintiff and the Putative Class Members.

---

[3] A true and correct copy of Plaintiff's pay check(s) from Defendant New Trend Foods/Kumori are attached hereto as Exhibit B.

[4] A true and correct copy of Plaintiff's pay check(s) from Defendant New Trend Foods Management are attached hereto as Exhibit C.

36. Defendants acted directly or indirectly in the interest of each other in relation to Plaintiffs.

37. Defendants maintained Plaintiff and the Putative Class Members' employment records at their shared corporate office.

38. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

**Failure to Pay Overtime**

39. Defendants classified the Plaintiff and Putative Class Members as salaried employees, exempt from overtime under the FLSA.

40. Defendants purported to pay Plaintiff and the Putative Class Members a "weekly" salary of $807.69.

41. However, Defendants failed to pay Plaintiff and the Putative Class Members a true salary consistent with the requirements of 29 C.F.R. 541.602.

42. Specifically, Defendants has a corporate practice of making deductions to the Plaintiff and Putative Class Members' wages for partial day absences.

43. Improper deductions, like those made by the Defendants, invalidate any salary exemption. *See* 29 C.F.R. 541.603(b).

44. Plaintiff Espinoza typically worked twelve (12) days per day, and more than eighty (80) hours each week.

45. During the pay period of November 8, 2021 to November 21, 2021, Plaintiff Espinoza's weekly "salary" was $807.69.

46. As an example, for the pay period from November 8, 2021, to November 21, 2021, Plaintiff Espinoza worked five and one-half days. As a result, she should have been paid approximately $807.69.

47. However because she worked a half day, Defendants applied a full day salary deduction to Plaintiff Espinoza's wages and only paid her for five days of work ($673.08). *See* Ex. C.

48. Although it is well-known that partial day absence deductions are prohibited by the FLSA and invalidate any salary-based "white collar" overtime exemptions, Defendants still knowingly made these improper deductions and failed to pay overtime to Plaintiff and the Putative Class Members.

49. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay for all hours worked over forty (40) each week.

50. Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week but never received any overtime compensation.

51. Accordingly, Defendants' pay policies and practices willfully violated (and continue to violate) the FLSA.

## V.
## CAUSE OF ACTION

### COUNT ONE
**(Collective Action Alleging FLSA Violations)**

**A. FLSA COVERAGE**

52. The preceding paragraphs fully incorporated herein.

53. FLSA Collective is defined as:

**ALL CURRENT AND FORMER MANAGERS WHO WORKED FOR NEW TREND FOODS, LLC D/B/A KUMORI AND/OR NEW TREND FOODS MANAGEMENT, LLC, AT ANY TIME FROM AUGUST 9, 2019, THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

54. At all material times, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

55. At all material times, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

56. At all material times, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

57. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Defendants, these individuals have provided services for Defendants that involved interstate commerce for purposes of the FLSA.

58. In performing the operations hereinabove described, Plaintiffs were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

59. Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt employees of Defendants who assisted Defendants' customers who live throughout the United States. 29 U.S.C. § 203(j).

60. At all material times, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

61. In violating the FLSA, Defendants acted willfully, without a good faith basis, and with reckless disregard of applicable federal law.

62. The proposed collective of similarly situated employees, in other words, the FLSA Collective Members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 53.

63. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

**B.    FAILURE TO PAY OVERTIME WAGES IN ACCORDANCE WITH THE FLSA**

64. Defendants violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

65. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Defendants' acts or omissions as described herein; though Defendants are in possession and control of necessary documents and information from which Plaintiffs would be able to precisely calculate damages.

66. Moreover, Defendants knowingly, willfully, and with reckless disregard carried out their illegal pattern of failing to pay Plaintiffs the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

67. Defendants knew or should have known their pay practices were in violation of the FLSA.

68. Defendants are a sophisticated party and employer, and therefore knew (or should have known) their pay policies were in violation of the FLSA.

69. Plaintiff and the FLSA Collective Members, on the other hand, were unsophisticated employees who trusted Defendants to pay them according to the law.

70. The decision and practice by Defendants to not pay Plaintiff and the FLSA Collective Members overtime for all hours worked over forty (40) each week was neither reasonable nor in good faith.

71. Defendants knew that partial day absence deductions invalidated salary-based overtime exemptions but continued to make those deductions and failed to pay Plaintiff and the FLSA Collective Members overtime compensation.

72. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. COLLECTIVE ACTION ALLEGATIONS

73. All previous paragraphs are incorporated as though fully set forth herein.

74. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all of Defendants' employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they have not been paid.

75. Other similarly situated employees have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

76. The FLSA Collective Members are defined in Paragraph 53.

77. Defendants' failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required from the FLSA, results from generally applicable policies and practices of Defendants and does not depend on the personal circumstances of Plaintiff or the individual FLSA Collective Members.

78. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

79. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

80. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to overtime compensation for all hours worked in excess of forty (40) hours per workweek.

81. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

82. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Defendants will retain the proceeds of its rampant violations.

83. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

84. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 53 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

85. Plaintiffs respectfully pray for judgment against Defendants as follows:

   a. For an Order certifying the FLSA Collective as defined in Paragraph 53 and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

   b. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid overtime wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

c. For an Order awarding the costs and expenses of this action;

d. For an Order awarding attorneys' fees;

e. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

f. For an Order granting such other and further relief as may be necessary and appropriate.

Date: August 9, 2022

Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By: /s/ *Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**Carter T. Hastings**
Federal I.D. No. 3101064
Texas Bar No. 24101879
carter@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Counsel for Plaintiff and the Putative Collective Members***